277 Neb. 474
STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR,
v.
WILLIAM T. GINSBURG, RESPONDENT.
No. S-08-1294.
Supreme Court of Nebraska.
Filed March 27, 2009.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
This case is before the court on the voluntary surrender of license filed by respondent, William T. Ginsburg. The court accepts respondent's surrender of his license and enters an order of disbarment.

STATEMENT OF FACTS
Respondent was admitted to the practice of law in the State of Nebraska on June 25, 1973. On December 11, 2008, the chairperson of the Committee on Inquiry of the Second Disciplinary District filed an application for the temporary suspension of respondent from the practice of law. The application stated that in 2005, 2006, and 2007, respondent represented James R. Sleeter in a dissolution of marriage action, and that sometime in 2007, respondent received Sleeter's net proceeds from the sale of real estate property. The application stated that respondent used some or all of these assets for his own purposes without Sleeter's knowledge.
The application stated that Sleeter died in 2008 and that his daughter, Diana Schuman, hired respondent to initiate estate proceedings. The application further stated that at the time of his death, Sleeter owed state and federal income taxes and real estate taxes. Respondent had prepared checks to pay various expenses but respondent had not sent the checks to the respective payees, because respondent had insufficient funds in his trust account. The application stated that on October 1, 2008, respondent admitted to Schuman's successor attorney that he did not have Sleeter's funds available, but indicated that he would make restitution. Hie application stated that on October 28, respondent issued a trust account check to the law firm representing Schuman in the amount of $42,500, and represented that it was the equivalent of principal and interest on Schuman's funds.
On December 17, 2008, this court entered an order directing respondent to show cause by December 29 why his license should not be temporarily suspended. Respondent filed a motion to extend the show cause deadline, which this court granted.
On January 21, 2009, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent does not challenge or contest the truth of the allegations in the application for temporary suspension. In addition to surrendering his license, respondent consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

ANALYSIS
Neb. Ct. R. § 3-315 provides in pertinent part:
(A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.
(1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.
Pursuant to § 3-315, we find that respondent has voluntarily surrendered his license to practice law and knowingly does not challenge or contest the truth of the allegations made against him in the application for temporary suspension. Further, respondent has waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

CONCLUSION
Upon due consideration of the court file in this matter, the court finds that respondent voluntarily has stated that he knowingly does not challenge or contest the truth of the allegations in the application for temporary suspension, that he failed to maintain his client's funds, and that to the contrary, he used the funds for his own purposes. The court accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. With the exception of a sworn statement under oath that respondent has complied with Neb. Ct. R. § 3-316(3), respondent has complied with the terms of § 3-316. Accordingly, respondent is directed to comply with all the terms of § 3-316 and to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2007) and Neb. Ct. R. §§ 3-310(P) and 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF DISBARMENT.